Case 1:65-cr-00072-TFH   Document 3   Filed 02/07/06   Page 1 of 3

FILED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FEB 7 - 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

|                                |   |                        |
|--------------------------------|---|------------------------|
| **TYRONE HURT,**               | ) |                        |
| **Petitioner,**                | ) |                        |
|                                | ) |                        |
| v.                             | ) | **Cr. No. 65-0072 (TFH)** |
|                                | ) |                        |
|                                | ) |                        |
| **UNITED STATES OF AMERICA.**  | ) |                        |
|                                | ) |                        |

## MEMORANDUM OPINION

Pending before the Court is Petitioner Tyrone Hurt's motion to expunge the record of his criminal conviction in this case. Upon careful consideration of the motion, and the entire record herein, the Court will deny Petitioner's motion.

In 1965, Petitioner entered a guilty plea in this case to the charge of Robbery. He was subsequently sentenced to imprisonment for one to three years on that offense. The execution of his sentence was suspended, and Petitioner was placed on probation for a period of three years. Later that year, Petitioner's probation was revoked, and the sentence of one to three years incarceration was ordered into effect. Petitioner now asks the Court to expunge the record of his Robbery conviction.

In support of his request, Petitioner states that the revocation of his probation violated his rights under the Sixth and Eighth Amendments to the Constitution.

The Court can find no basis for expunging Petitioner's conviction. Petitioner has cited no statutory authority for expunging his conviction, and the Court is aware of none. <u>See</u> <u>Doe v. Webster</u>, 606 F.2d 1226, 1231 (D.C. Cir. 1979) ("[A]bsent specific statutory authority it would

-1-



be wholly inappropriate to order such an expungement in a case such as this where there has been not only a valid arrest but a valid conviction.").

Further, while it is well settled that this Court has inherent, equitable expungement power, Petitioner has failed to make the showing required for the Court to exercise that power. See Livingston v. United States Dep't of Justice, 759 F.2d 74, 78 (D.C. Cir. 1985); Webster, 606 F.2d at 1230. Before expunging a criminal record, the Court must find that, after examining the particular facts and circumstances of the case, the "remedy is necessary and appropriate in order to preserve basic legal rights." Livingston, 759 F.2d at 78.

"The general rule . . . is that expungement of an arrest record is appropriate when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." Webster, 606 F.2d at 1231. "[R]elief usually is granted only in 'extreme circumstances,'" the finding of which requires a "balancing of the equities between the right of privacy of the individual and the right of law enforcement officers to perform their necessary duties." United States v. Schnitzer, 567 F.2d 536, 539 (2nd Cir. 1977) (citations omitted). Here, Petitioner seeks not only expungement of his arrest in this case, but also of his subsequent conviction.

In the instant case, the Court must balance the harm to Petitioner against the government's interest in maintaining the criminal record. Petitioner's allegation that his probation was revoked in violation of his Sixth and Eighth Amendment rights has no bearing on the propriety of the underlying conviction. Petitioner has not presented any evidence that he was not fairly convicted. In fact, Petitioner admitted committing the robbery as he pleaded guilty to the charge. Because there are no unusual or exceptional circumstances alleged here, whether by

-2-

way of governmental misconduct or otherwise, Plaintiff's case fails to meet the general test set

forth in <u>Livingston</u> and <u>Webster</u>.  <u>See</u> <u>Webster</u>, 606 F.2d at 1231.

 Accordingly, the Court will deny Petitioner's motion.  An appropriate Order will

accompany this Memorandum Opinion.

February **3** , 2006

      Thomas F. Hogan
      Chief Judge

Copies to:

United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530

-3-